In the Matter of JOHN PIASTRA, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 28, 1991

## APPEARANCES OF COUNSEL

*Robert H. Straus (Mark F. DeWan* of counsel), for petitioner.

*Frederick J. Annibale, Jr.,* for respondent.

## OPINION OF THE COURT

Per Curiam.

By order of this court dated May 7, 1990, the respondent was suspended from the practice of law until further order of this court. On November 16, 1990, the respondent was con-

victed in the Supreme Court, Queens County, upon his plea of guilty, of the crimes of grand larceny in the second degree (two counts) in violation of Penal Law § 155.40, which constitute class C felonies, misconduct by an attorney in violation of Judiciary Law § 487 (two counts), which constitute class A misdemeanors, and the crime of failing to keep property held as a fiduciary separate from individual property in violation of EPTL 11-1.6, which constitutes a class A misdemeanor. On March 1, 1991, the respondent was sentenced upon the convictions.

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and HARWOOD, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent John Piastra is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent John Piastra is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.